UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JIMMIE DARRELL POE, SR., | ) |
| Petitioner, | ) ) ) |
| vs. | ) )   No. 2:15-cv-00179-JMS-WGH |
| LEANN LARIVA, Warden, | ) ) ) |
| Respondent. | ) ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Jimmy Darrel Poe, Sr., for a writ of habeas corpus must be denied.

**I.**

**A.**

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The dispositive question here is whether Turner's habeas claim permits him to traverse the portal created by § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir. 1999). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

B.

Poe is confined in this District and relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), to challenge the validity of his conviction for engaging in a continuing criminal enterprise. *See United States v. Lindsey*, 123 F.3d 978, 984 (7th Cir. 1997). Poe presented the same claim in a previously habeas petition. This court rejected the claim and dismissed the petition. *Poe v. LaRiva,* No. 2:14-cv-324-JMS-DKL (S.D.Ind. Nov. 3, 2014). Poe's appeal is pending in the Seventh Circuit Court of Appeals as No. 14-3513.

C.

As noted, Poe now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). He asserts the same claim which were presented in the habeas action in the prior habeas action.

The Antiterrorism and Effective Death Penalty Act of 1996 prohibits the filing of repeated habeas petitions that attack the prisoner's underlying conviction or sentence. Specifically, "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). This court's colleague Judge Lawrence recently considered a 28 U.S.C. § 2241 habeas petition in which claims previously presented and adjudicated in collateral proceedings were once again presented, and in doing so explained that "28 U.S.C. § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review." *Farrugia v. Warden, USP-Terre Haute*, No. 2:13-CV-104-WTL-MJD, 2015 WL 1565008, at *5 (S.D.Ind. Apr. 7, 2015). Doing so was entirely appropriate.

> The United States Court of Appeals for the Second, Seventh and Ninth Circuits have held or noted in published opinions that § 2244(a) bars successive petitions under § 2241 directed to the same issue. *Chambers v. United States,* 106 F.3d 472, 475 (2d Cir. 1997) (applying § 2244(a) to dismiss a second or successive § 2241

> petition seeking to re-litigate a federal prisoner's claim which had been asserted and denied in a prior § 2241 petition); *see Simon v. United States,* 359 F.3d 139, 143 n. 7 (2d Cir. 2004) (discussing Chambers); *Valona v. United States,* 138 F.3d 693, 695 (7th Cir. 1998) (noting that § 2244(a) bars successive petitions under § 2241 "directed to the same issue concerning execution of a sentence"); *Barapind v. Reno,* 225 F.3d 1100, 1111 (9th Cir. 2000). The Tenth Circuit has concurred in unpublished opinions. *Jackson v. Morris,* 8 F.App'x 890 (10th Cir. 2001) (unpublished); *Gibson v. Knowles,* 166 F.3d 1220 (10th Cir. 1999) (Table). Similarly, prior to the enactment of the AEDPA amendments, several circuit courts held that where a petitioner filed a previous § 2241 petition which was dismissed on the merits, § 2244(a) barred a second § 2241 habeas petition. *See George v. Perrill,* 62 F.3d 333, 334–35 (10th Cir. 1995); *Glumb v. Honstead,* 891 F.2d 872, 873 (11th Cir.1990); *Poyner v. United States Parole Comm'n,* 878 F.2d 275, 277 (9th Cir. 1989); *Sacco v. United States Parole Comm'n,* 639 F.2d 441, 442–43 (8th Cir. 1981). The AEDPA amendments do not alter the reasoning of these circuits in applying § 2244(a) to bar a successive § 2241 petition.

*Edwards v. Perdue*, No. 5:14CV136, 2015 WL 2354702, at *2 (N.D.W.Va. Apr. 30, 2015).

### D.

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For the reasons explained above, this is an appropriate case for such a disposition. Poe has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. Thus, this repetitive § 2241 action must now be dismissed.

### II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date:     06/16/2015

*[signature: Jane E. Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Jimmie Darrell Poe, Sr.
03144-025
Terre Haute FCI - Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808